Donald Friel, Appellant *v.* Board of Pensions and Retirement of the City of Philadelphia, Appellee.

Argued November 16, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Benjamin Paul,* for appellant.

*Jill A. Dauthett,* Assistant City Solicitor, with her *Richard S. Kohn,* Assistant City Solicitor, *Judith N. Dean,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for appellee.

Opinion by Judge MacPhail, December 31, 1981:

This is an appeal by Donald Friel, a retired Philadelphia City policeman, from an order of the Court of Common Pleas of Philadelphia affirming a determination by the City's Board of Pensions and Retirement (Board) that Friel was not presently entitled to receive separation service retirement benefits. We affirm.

Friel retired from the police force on January 13, 1968, at the age of 38, after 11 years and eight months of credited service with the Municipal Retirement System. On the date of his separation, Friel had sufficient service time to have a vested pension under the Pension Ordinance in effect at the time of his employment (Police/Fire Coverage Plan 50 (D plan)). Under the terms of that pension agreement, Friel was eligible to start receiving benefits on January 6, 1984, his 50th birthday.

On August 24, 1974, the Philadelphia City Council enacted Bill No. 1401, amending Section 202.2(f) of the Pension Ordinance, to provide in part:

> *Employees* in the following categories shall be eligible to apply for service benefits:
>
> . . . .
>
> (f) A police or fire *employee* who is covered by Police-Fire Coverage Plan 50 and has attained as of July 1, 1974, age 48, as of July 1, 1975, age 46, and as of July 1, 1976, age 45. (Emphasis added.)

Article II, Section 201.1(d) of the Pension Ordinance's definitional section, defines "Police Employee" as: "Any full time uniformed or investigatory employee of the Police Department. . . ." Section 201.1(9) defines "Retired Member" as: "Any retired employee of the City who is receiving or entitled to receive retirement benefits from any division of the Municipal Retirement System."

It is Friel's contention that, as a result of the 1974 Amendments to the Pension Ordinance, he was eligible to start receiving retirement benefits on January 6, 1979, his 45th birthday. Both the Board and the court below found Friel to be ineligible for advanced eligibility and denied his application. We agree with the court below that the amending ordinance contains no retroactive language and, by the very clear language of its definitional section, does not include the appellant in that class of persons covered by the amendatory language. Finding it unnecessary to engage in redundancy, we adopt the able opinion of the court below.

## ORDER

The order of the Court of Common Pleas of the County of Philadelphia (No. 1942 February Term, 1979) dated August 18, 1980, is affirmed.